UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS AU, TUNG AU and ISABEL AU,          :
                              Plaintiffs,          :
                                        :
              -against-          :
                                        :
                                        :
                                        :
RUDOLPH CARRYL and CARRYL CAPITAL          :
MANAGEMENT LLC,          :
                           Defendants.          :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/15_____

14 Civ. 5223 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

On July 14, 2014, Plaintiffs Thomas Au, Tung Au and Isabel Au brought this action

against Defendants Carryl Capital Management LLC ("CCM") and Rudolph Carryl ("Carryl")

for breach of note, breach of contract, fraud, breach of fiduciary duty, quantum meruit, unjust

enrichment and violations of the New York Civil Rights Law, the New York Deceptive Trade

Practices Act and the New York Labor Law. Following an entry of default judgment against

CCM on December 5, 2014, the Court referred the matter to Magistrate Judge James C. Francis

IV for a report and recommendation (the "Report") on damages.[1] Judge Francis held an inquest

on July 13, 2015, and filed the Report on August 6, 2015, recommending an award to Plaintiffs

against CCM of $1,545,700 plus interest and $54,600 in attorney's fees. No objection to the

Report was filed. For the following reasons, the Court adopts the Report in its entirety.

I.      **BACKGROUND**

The facts relevant to CCM's liability and damages are set out in greater detail in the

---

[1]      Defendant Rudolph Carryl's petition for bankruptcy is pending in the United States
Bankruptcy Court for the Eastern District of New York, and therefore this action is stayed as to
him.

Report and summarized here.  This action arises out of a scheme by which CCM, through its chairman and chief executive officer, Carryl, fraudulently induced Plaintiff Thomas Au and his parents, Plaintiffs Tung and Isabel Au, to invest in a holding company and its non-existent hedge fund.

Plaintiffs made significant investments with CCM.  By September 3, 2013, Thomas Au had invested a net amount of $705,000.  At least $240,000 of Thomas Au's investment was intended to be a short-term loan, but the money was not repaid.  Despite promising to indemnify Thomas Au for his tax liability for early IRA withdrawals used to fund his CCM investments, CCM paid $45,000 out of a total tax liability of $303,000.  Tung and Isabel Au invested a total of $180,000, secured by a note in the same amount plus 3.25% interest compounded quarterly, all payable on January 31, 2013.  No principal or interest has been paid.  Plaintiffs' contributions were never invested in the hedge fund but instead were used for Carryl's personal expenses.

Thomas Au performed work for CCM by evaluating and writing reports on stocks. Although Thomas Au was promised a salary, he was never paid.

## II.    STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.,* 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn,* 474 U.S. 140, 149 (1985)).

### III.    DISCUSSION

With respect to CCM's liability, the Report finds that the Complaint sufficiently pleads facts to support liability for breach of note, breach of contract, fraud, breach of fiduciary duty, quantum meruit, unjust enrichment and liability under the New York Civil Rights Law and the New York Labor Law.  The Report concludes, however, that the Complaint fails to plead facts sufficient to support liability under the New York Deceptive Trade Practices Act because the conduct at issue was not "directed at the public generally."  The Report recommends damages of $1,545,700 plus interest.

Regarding attorney's fees, the Report determined that Plaintiffs' counsel spent 136.5 hours of compensable time on this litigation, that this amount of time is not unreasonable and that the $400 hourly rate of Plaintiff's counsel is reasonable given his experience and the nature of the case.  The report recommends attorney's fees of $54,600.

Having reviewed the Report, to which no objection was made, the Court finds no clear factual or legal error and adopts the Report in its entirety.

### IV.    CONCLUSION

The Clerk of Court is directed to enter judgment for Plaintiffs Thomas Au, Tung Au and Isabel Au against Defendant Carryl Capital Management LLC as follows:

1.  $182,700 on the contract claim of Tung and Isabel Au, with prejudgment interest calculated at 9% per year from January 31, 2013, until entry of judgment;

2.  $705,000 on Thomas Au's contract claim regarding his contributions to CCM, with prejudgment interest calculated at 9% per year from June 8, 2011, until entry of judgment;

3.  $258,000 on Thomas Au's contract claim regarding tax indemnification from CCM, with prejudgment interest calculated at 9% from April 16, 2012, until entry of judgment;

4.  $400,000 on Thomas Au's New York Labor Law claim; and

5.  $54,600 in attorney's fees.

The Clerk of Court is directed to mail a copy of this Opinion to Defendants at the addresses listed in the Report.

SO ORDERED.

Dated: November 4, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE