UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/17
```

-------------------------------------------------------------X

THOMAS AU, TUNG AU and ISABEL AU,          :

                                Plaintiffs,    :

                                               :

               -against-                  :          14 Civ. 5223 (LGS)

                                             :

                                             :          **OPINION AND ORDER**

                                             :

RUDOLPH CARRYL and CARRYL CAPITAL          :
MANAGEMENT LLC,                            :

                           Defendants. :

-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

On July 14, 2014, Plaintiffs Thomas Au, Tung Au and Isabel Au brought this action against Defendants Carryl Capital Management LLC ("CCM") and Rudolph Carryl ("Carryl") for breach of note, breach of contract, fraud, breach of fiduciary duty, quantum meruit, unjust enrichment and violations of the New York Civil Rights Law, the New York Deceptive Trade Practices Act and the New York Labor Law.

Default Judgment was issued against CCM and the case was referred to Magistrate Judge James C. Francis for an inquest on damages. On November 4, 2015, Judge Francis's report and recommendation for an award to Plaintiffs against CCM of $1,545,700 plus interest and $54,600 in attorney's fees was adopted in its entirety.

The action against Carryl was stayed following the filing of his bankruptcy petition in the United States Bankruptcy Court. After the stay was lifted, default judgment was granted against Carryl on July 20, 2016. The action was referred to Judge Francis for an inquest on damages. On December 8, 2016, Judge Francis issued his report and recommendation (the "Report") of a damages award to Plaintiffs against Carryl of $1,545,700 plus interest and $67,360 in attorney's

fees.  No objection to the Report was filed.  For the following reasons, the Court adopts the

Report in its entirety.

## I.       BACKGROUND

The facts relevant to Carryl's liability and damages are set out in greater detail in the

Report and summarized here.  This action arises out of a scheme by which CCM, through its

chairman and chief executive officer, Carryl, fraudulently induced Plaintiff Thomas Au and his

parents, Plaintiffs Tung and Isabel Au, to invest in a holding company and its non-existent hedge

fund.

Plaintiffs made significant investments with CCM.  By September 3, 2013, Thomas Au

had invested a net amount of $705,000.  At least $240,000 of Thomas Au's investment was

intended to be a short-term loan, but the money was not repaid.   Despite promising to indemnify

Thomas Au for his tax liability for early IRA withdrawals used to fund his CCM investments,

CCM paid $45,000 out of a total tax liability of $303,000.  Tung and Isabel Au invested a total of

$180,000, secured by a note in the same amount plus 3.25% interest compounded quarterly, all

payable on January 31, 2013.  No principal or interest has been paid.  Plaintiffs' contributions

were never invested in the hedge fund but instead were used for Carryl's personal expenses.

Thomas Au performed work for CCM by evaluating and writing reports on stocks.

Although Thomas Au was promised a salary, he was never paid.

## II.      STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court

"may adopt those portions of the report to which no 'specific, written objection' is made, as long

as the factual and legal bases supporting the findings and conclusions set forth in those sections

are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.,* 855

F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S.

140, 149 (1985)).

### III.   DISCUSSION

With respect to Carryl's liability, the Report finds that, for the same reasons discussed in

the report and recommendation concerning damages against CCM, the facts alleged in the

Complaint establish Carryl's liability on all but the New York Deceptive Trade Practices Act

cause of action.  The Report also finds that the Complaint sufficiently pleads alter-ego liability,

allowing Carryl to be held personally liable for the liabilities of CCM.   Plaintiffs offered the

same damages evidence as was offered at the inquest against CCM.  Thus, the Report

recommends damages of $1,545,700 plus interest.

Regarding attorneys' fees, in the previous inquest, thirteen hours of attorney time were

subtracted as attributable to the claim against Carryl rather than CCM.  Plaintiffs are entitled to

compensation for those hours now that the liability of the individual defendant is established.

Plaintiffs' counsel also submitted a request for an additional 18.9 hours of work in preparation

for this inquest.  The Report concludes that Plaintiffs are entitled to an additional $12,760 in

attorneys' fees for a total of $67,360 in attorneys' fees.

Having reviewed the Report, to which no objection was made, the Court finds no clear

factual or legal error and adopts the Report in its entirety.

### IV.   CONCLUSION

The Clerk of Court is directed to enter judgment for Plaintiffs Thomas Au, Tung Au and

Isabel Au against Defendant Carryl as follows (but to be collected only once, to the extent such

damages duplicate those awarded against CCM):

1.  $182,700 on the contract claim of Tung and Isabel Au, with prejudgment interest calculated at 9% per year from January 31, 2013, until entry of judgment;

2.  $705,000 on Thomas Au's contract claim regarding his contributions to CCM, with prejudgment interest calculated at 9% per year from June 8, 2011, until entry of judgment;

3.  $258,000 on Thomas Au's contract claim regarding tax indemnification from CCM, with prejudgment interest calculated at 9% from April 16, 2012, until entry of judgment;

4.  $400,000 on Thomas Au's New York Labor Law claim; and

5.  $67,360 in attorney's fees.

The Clerk of Court is directed to mail a copy of this Opinion to Defendants at the addresses listed in the Report.

SO ORDERED.

Dated:  January 24, 2017
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**